UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANGFORD,

    *Plaintiff,*

v.

PATRICIA CARUSO, *et al.*,

    *Defendants.*
                                        /

CASE NO. 11-CV-10219

DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO GRANT PATRICIA L. CARUSO
AND OVERTON TO CONTINUE TO BE A PART OF THIS CASE**
(Doc. 12)
**AND DEFENDANTS CARUSO AND OVERTON'S MOTION TO DISMISS**
(Doc. 17)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED** and that Defendants' motion to dismiss be **GRANTED**.

### II.    REPORT

#### A.    Introduction

By order of U.S. District Judge Marianne O. Battani, this civil rights case alleging claims under 42 U.S.C. § 1983 was referred to the undersigned magistrate judge for general pretrial case management on April 25, 2011. The *pro se* complaint, which was originally filed in the U.S. District Court for the Western District of Michigan and was transferred to this district on January 18, 2011, asserted claims against 13 defendants.

Prior to transferring the case to this district, U.S. District Judge Gordon J. Quist dismissed Defendants Caruso and Overton with prejudice because the complaint fails to state a claim against them. (Doc. 2.) The clerk's office of this district noted this dismissal in the docket text of that order, yet proceeded to list Caruso and Overton as defendants on the docket. Compounding this error, the U.S. Marshal was directed to serve process on these two defendants. (Doc. 14.) Service was accomplished, counsel for Defendants Caruso and Overton filed an appearance (Doc. 16), and subsequently filed the motion to dismiss that is before the Court. (Doc. 17.) Plaintiff asks that these defendants be kept in the case, arguing that the complaint does state a claim against them. (Doc. 12.) In effect, Plaintiff's motion can be construed as one for reconsideration.

I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for report and recommendation without oral argument.

**B.     Motion Standards**

In facing a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).\

Eastern District of Michigan Local Rule 7.1(h)(3) dictates the standard for evaluating a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Any defect must be palpable and misleading, and the motion cannot merely reargue matters already decided. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)).

### C. Analysis and Conclusion

Defendants Caruso and Overton move for dismissal on the basis of the "law of the case" doctrine. (Doc. 17 at 3.) This doctrine provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive steps of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990). In this case, two defendants were dismissed with prejudice from the case and, due to a clerical error, were reinstated and served with process. The law of the case doctrine clearly dictates that the initial order dismissing these defendants remains in effect and the error that led to service on these defendants did not have the legal effect of vacating that dismissal. Plaintiff has not shown that Judge Quist was mislead by any palpable defect.

Accordingly, I suggest that Defendants' motion (Doc. 17) be **GRANTED**, that Plaintiff's motion (Doc. 12) be **DENIED**, and that the clerk's office be instructed to remove Defendants Caruso and Overton from the docket.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See*

*also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                              s/ *Charles E Binder*
                                                              CHARLES E. BINDER
Dated: May 17, 2011                               United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Kevin Himebaugh, served by first class mail on Robert Langford, #156621, Marquette Branch Prison, 1960 US-41 South, Marquette, MI, 49855; and served on District Judge Battani in the traditional manner.

Date: May 17, 2011                           By    s/*Jean L. Broucek*
                                                              Case Manager to Magistrate Judge Binder