UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANGFORD,

    Plaintiff,

v.

PATRICIA CARUSO, et al.,

    Defendants.
                /

Case Number: 11-10219

HON. MARIANNE O. BATTANI

**ORDER OVERRULING PLAINTIFFS OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION**

    Before the Court are Plaintiff's objections (Doc. 28) to the Magistrate Judge's May 17, 2011 Report and Recommendation ("R&R") (Doc. 25). In his R&R, the Magistrate Judge recommended that the Court deny Plaintiff's "Motion to Grant Patricia L. Caruso; Overton to Continue to be a Party of this 42 U.S.C. 1983 Based on Facts in Complaint" (Doc. 12) and grant Defendants Patricia Caruso and William Overton's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 17). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 28) and **ADOPTS** the R&R (Doc. 25).

**I. BACKGROUND**

    Plaintiff Robert Langford, a prisoner incarcerated in the Michigan Department of Corrections, filed a pro se civil rights action against thirteen defendants pursuant to 42 U.S.C. § 1983. (Doc. 1). The case was referred to Magistrate Judge Charles E. Binder for all pretrial proceedings. See 28 U.S.C. § 636(b)(1); (Doc. 21). On May 17, 2011, the Magistrate Judge recommended that the Court deny Plaintiff's "Motion to Grant Patricia L. Caruso; Overton to Continue to be a Party of this 42 U.S.C. 1983 Based on Facts in

Complaint" (Doc. 12) and grant Defendants Patricia Caruso and William Overton's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 17).  The Magistrate Judge informed the parties that specific written objections to the Report and Recommendation must be filed within fourteen days of service and that a party's failure to file specific objections would waive any further right of appeal.  See (Doc. 25 at 3-4); 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2); Thomas v. Arn, 474 U.S. 140 (1985).

On June 6, 2011, Langford filed a "Motion to Objection on Magistrate Dismissal of Patricia Caruso & Overton." (Doc. 28).  The Court construes Plaintiff's "motion to object" as his objections to the R&R.

## II.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement."  Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006).  Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the

R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### III.   ANALYSIS

After careful review, the Court finds that Plaintiff's *pro se* objections are based on the same general arguments made in his complaint and that Plaintiff makes no attempt to specifically object to the Magistrate Judge's resolution of the issues presented. See (Doc. 28); (Doc. 25). Plaintiff's general objections do not meet the applicable standard as it is not clear which part of the R&R he is disputing. See Spencer, 449 F.3d at 725. For example, Plaintiff did not challenge the Magistrate Judge's discussion of the clerical error which mistakenly led to the reinstatement of the case against Defendants Caruso and Overton. (Doc. 25 at 2). Plaintiff also does not dispute the Magistrate Judge's characterization of his "motion to continue" as a motion for reconsideration, nor does he indicate any "palpable defect," which must be shown for a motion for reconsideration to succeed. Id. Moreover, Plaintiff does not state any reason why the Court should not apply the "law of the case" doctrine, which, as the Magistrate Judge correctly explained, necessitates the dismissal of Caruso and Overton. Id. at 3. In sum, Plaintiff does not specifically disagree with any of the R&R's dispositive findings. Plaintiff's general disagreement with the Magistrate Judge's ultimate recommendation is tantamount to a complete failure to object. Mira, 806 F.2d at

3

637. Finding no specific objection to the R&R from either party, the Court adopts the R&R in its entirety.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objection (Doc. 28), **ADOPTS** the Magistrate Judge's R&R (Doc. 25), and therefore, **DENIES** Plaintiff's "motion to continue" (Doc. 12), and **GRANTS** Defendants Caruso and Overton's motion to dismiss (Doc. 17).

**IT IS SO ORDERED.**

                                  s/Marianne O. Battani
                                  MARIANNE O. BATTANI
                                  UNITED STATES DISTRICT JUDGE

DATED: July 25, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff via ordinary U.S. Mail and Counsel for the Defendants electronically.

                                  s/Bernadette  M.  Thebolt
                                  Case Manager