**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT LANGFORD,

   CASE NO. 11-CV-10219

 *Plaintiff,*

   DISTRICT JUDGE MARIANNE O. BATTANI
v.   MAGISTRATE JUDGE CHARLES E. BINDER

PATRICIA CARUSO, *et al.*,

 *Defendants.*

            /

**ORDER GRANTING DEFENDANTS' MOTIONS
FOR MORE DEFINITE STATEMENT**
(Doc. 22, 30)
**AND TERMINATING AS MOOT
PLAINTIFF'S MOTION TO AMEND COMPLAINT**
(Doc. 7)

This order is entered under the authority given to this Magistrate Judge in an order of reference issued by U.S. District Judge Marianne O. Battani pursuant to 28 U.S.C. § 636(b)(1)(A).

**I. Background**

On December 13, 2010, Plaintiff Robert Langford filed a *pro se* prisoner civil rights complaint in the United States District Court for the Western District of Michigan. Plaintiff is an inmate currently confined by the Michigan Department of Corrections ("MDOC") at its Gus Harrison Correctional Facility in Adrian, Michigan. The incidents giving rise to the complaint occurred when Plaintiff was housed at the Macomb Correctional Facility in New Haven, Michigan.

In the caption of the complaint, Plaintiff listed the following defendants: "[MDOC] Director Patricia L. Caruso, [MDOC] Deputy Director Overton, Warden H. Wolfenbarger, Deputy Warden R. Hass, ADW Cole, Unknown Librarian, E. Taylor, ADW Joe Scott, et al." On page two of the complaint, Plaintiff listed the following additional defendants, all of whom are purported to be

correctional officers at the Macomb Correctional Facility: Officer M. McVean, Officer Butts, Officer McKinney, Officer Bower, and Officer Dickerson.

Pages 3 through 11 of the complaint consist of one long single-spaced paragraph that, for the most part, alleges through vague and nonspecific run-on phrases that Plaintiff was mistreated by the staff at the Macomb facility. For example, Plaintiff begins the this portion of the complaint by stating:

> While housed at Macomb Correctional Facility RTP Mental Health inpatient program I was physically, psychologically abused including humiliation and exploitation action also exploited for financial gain most of second shift officers, Officer Butts, Officer M. McVean should have not been allowed to work in inviorment [sic] such as mental health unit, also McKinney, Officer Bowen, Officer Dickerson, Officer Matten, and Resident United Officer Rozelle because these officers hindered and interfering [sic] with the treatment of prisoners, now if mental illness is defined as a substantial disorder of thought or mood that significantly impairs judgement, behavior, and the capacity to recognize or ability to cope with the ordinary demands of life, they're [sic] definition is not limited to a specific diagnosis, I was diagnosis [sic] prior to coming to prison in 01 with Dysthymic disorder, personality disorder, major depressive disorder, psychotic features, porttraumatic stress disorder and mild mental retardation these were some of my diagnosis [sic] before I came in throught [sic] Dr. and Veterans administration . . .

(Compl., Doc. 1 at 3.)

U.S. District Judge Gordon J. Quist of the Western District entered an order dismissing Defendants Caruso and Overton from the case and transferring the action pursuant to the rules governing venue to the Eastern District of Michigan.[1] (Doc. 2.) Shortly thereafter, Plaintiff filed a "Motion for Leave to Amend the Names of all Defendants that [were] Overlooked," stating that the following 19 defendants (all of whom are identified as employees at the Macomb facility) were

---

[1] Despite this order, Defendants Caruso and Overton were listed as defendants on the docket of this case, served with the complaint, and represented by counsel, who filed a motion to dismiss based on the prior dismissal by Judge Quist. A Report and Recommendation ("R&R") issued on May 17, 2011, recommending the grant of the motion to dismiss, and on July 25, 2011, the R&R was adopted and these two defendants were dismissed.

"accidentally omitted" from the complaint: RUM Plummer, E.R. Sharon, Unknown Bryzelak, RUO Rozelle, Dr. Anita Naronka, Physician's Assistant Geml, Nurse L. Adroy, HUM D. O'Dell, Nurse Anderson, Nurse Charles Mangus, Officer Matten, Administrative Assistant E. Bell, Principle H. Gay, School Secretary Morgan, Dr. L. Fuller, Dr. D. Hayter, Mental Health Professional V. Accinidi, Psychiatrist Garlapati, and Social Worker Woern. (Doc. 7 at 1-6.) The motion to amend does not set forth any additional facts, but merely lists these new defendants and their positions at the Macomb facility.[2]

More than a month after Plaintiff filed his motion to amend his complaint to add 19 new defendants, Magistrate Judge R. Steven Whalen directed the U.S. Marshal to serve the complaint on the original 13 defendants. (Doc. 14.) No mention was made of the motion to amend. Six weeks after service was ordered, the case was referred to the undersigned magistrate judge for pretrial case management. (Doc. 21.)

## II.   Governing Rules

Defendants Haas, Taylor, Scott, McVean, Butts, McKinney, Dickerson, Wolfenbarger, and Cole move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 22, 30.) Rule 12(e) provides as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive

---

[2]At this stage of the case, Plaintiff was not required to file a motion seeking the court's permission to amend his complaint because none of the defendants had yet been served. *See* Rule 15(a). Therefore, the court will terminate this motion as moot. Plaintiff will be able to obtain the relief he sought, however, because the court is granting Defendants' motion for more definite statement and thus Plaintiff may include his claims against some or all of the 19 individuals listed in his motion when he files his amended complaint. Of course, the claims contained in the amended complaint will be subject to screening under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1) prior to any order directing service on a defendant who has not yet been served.

3

> pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Rule 8(a) of the Federal Rules of Civil Procedure establishes the requirements of a complaint. It requires that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." The purpose of these rules is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id*. at 556. A plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [entitlement to relief]." *Id*. at 556. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id*.

Accordingly, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show that (1) the conduct about which he complains was committed by a specific person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)).

The alleged facts, however, cannot simply be presented in a narrative that generally accuses "the defendants" or "the corrections officials" of violating a prisoner's rights. Instead, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).

Rule 10 of the Federal Rules of Civil Procedure establishes the required form of pleadings, including complaints. A complaint must state each claim in one or more numbered paragraphs, with each paragraph "limited as far as is practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" when doing so would increase the clarity of the complaint. *Id*.

Finally, Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of multiple claims and multiple defendants in one suit. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the plaintiff filed a prisoner civil rights complaint asserting 50 claims against 24 defendants. The Court of Appeals for the Seventh Circuit explained the application of the joinder rules:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

5

*Id.* at 607.

### III. Discussion

The 9 Defendants who brought the motion that is currently before the Court correctly characterize Plaintiff's complaint as a "nine-page long run-on paragraph." (Doc. 22, Br. at 2.) The complaint gives no indication of which right Plaintiff alleges was violated by which Defendant. Given the ambiguity of the complaint, Defendants have moved for a more definite statement, asserting that Plaintiff's claims are so vague or ambiguous that they cannot possibly produce an answer. (*Id.*) Plaintiff responded to the motion by stating that "the complaint is perfectly clear on each defendant in this civil litigation." (Doc. 24 at 1.) The court agrees with Defendants. Despite Plaintiff's *pro se* status, he must nonetheless meet the pleading requirements of the Federal Rules set forth above. As the pleadings now stand, Defendants cannot reasonably prepare a response to the overly vague and rambling allegations in the complaint. Furthermore, it appears that Plaintiff may be attempting to join together unrelated claims against different defendants in violation of Rules 18 and 20.

At a minimum, Plaintiff's complaint must include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court will thus order Plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure and provides each Defendant with "fair notice of what the claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Plaintiff must allege sufficient details to give each Defendant fair notice of the details of his allegations, including the "specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n.10. Accordingly, Plaintiff is instructed that, for each count of his amended complaint,

he must clearly state against which Defendant or Defendants the claim is made and a factual basis sufficient to establish the claim. Plaintiff is further instructed to use numbered paragraphs as required by Rule 10(b).

## IV.    Order

**IT IS ORDERED** that Defendants' motions for a more definite statement (Doc. 22, 30) are **GRANTED** and that Plaintiff shall file an amended complaint complying with this order on or before **August 24, 2011**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (Doc. 7) is **TERMINATED AS MOOT**.

## V.    Review

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

s/ Charles E Binder
CHARLES E. BINDER
Dated: August 3, 2011            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Kevin Himebaugh, and served by first class mail on Robert Langford, #156621, Marquette Branch Prison, 1960 US-41 South, Marquette, MI, 49855.

Date:  August 3, 2011                         By          s/*Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder