# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT LANGFORD,

    *Plaintiff,*

v.

HUGH WOLFENBARGER,
COLE, JOHN DOE, E. TAYLOR,
JOE SCOTT, McVEAN, BUTTS,
McKINNEY, BOWER, and
DICKERSON,

    *Defendants.*
                                     /

CASE NO. 11-CV-10219

DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE CHARLES E. BINDER

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Procedural Background**

On December 13, 2010, Plaintiff Robert Langford filed a *pro se* prisoner civil rights complaint in the United States District Court for the Western District of Michigan. Plaintiff is an inmate currently confined by the Michigan Department of Corrections ("MDOC"). The incidents giving rise to the complaint occurred when Plaintiff was housed at the Macomb Correctional Facility in New Haven, Michigan.

In the caption of the complaint, Plaintiff listed the following defendants: "[MDOC] Director Patricia L. Caruso, [MDOC] Deputy Director Overton, Warden H. Wolfenbarger, Deputy Warden R. Hass, ADW Cole, Unknown Librarian, E. Taylor, ADW Joe Scott, et al." On page two of the complaint, Plaintiff listed the following additional defendants, all of whom are purported to be correctional officers at the Macomb Correctional Facility: Officer M. McVean, Officer Butts, Officer McKinney, Officer Bower, and Officer Dickerson.

Pages 3 through 11 of the complaint consist of one long single-spaced paragraph that, for the most part, alleges through vague and nonspecific run-on phrases that Plaintiff was mistreated by the staff at the Macomb facility. For example, Plaintiff begins the this portion of the complaint by stating:

> While housed at Macomb Correctional Facility RTP Mental Health inpatient program I was physically, psychologically abused including humiliation and exploitation action also exploited for financial gain most of second shift officers, Officer Butts, Officer M. McVean should have not been allowed to work in inviorment [sic] such as mental health unit, also McKinney, Officer Bowen, Officer Dickerson, Officer Matten, and Resident United Officer Rozelle because these officers hindered and interfering [sic] with the treatment of prisoners, now if mental illness is defined as a substantial disorder of thought or mood that significantly impairs judgement, behavior, and the capacity to recognize or ability to cope with the ordinary demands of life, they're [sic] definition is not limited to a specific diagnosis, I was diagnosis [sic] prior to coming to prison in 01 with Dysthymic disorder, personality disorder, major depressive disorder, psychotic features, posttraumatic stress disorder and mild mental retardation these were some of my diagnosis [sic] before I came in throught [sic] Dr. and Veterans administration . . .

(Compl., Doc. 1 at 3.)

U.S. District Judge Gordon J. Quist of the Western District entered an order dismissing Defendants Caruso and Overton from the case and transferring the action pursuant to the rules

governing venue to the Eastern District of Michigan.[1] (Doc. 2.) Shortly thereafter, Plaintiff filed a "Motion for Leave to Amend the Names of all Defendants that [were] Overlooked," stating that 19 defendants (all of whom are identified as employees at the Macomb facility) were "accidentally omitted" from the complaint.[2] (Doc. 7 at 1-6.) The motion to amend did not set forth any additional facts, but merely listed these new defendants and their positions at the Macomb facility.

More than a month after Plaintiff filed his motion to amend his complaint to add 19 new defendants, Magistrate Judge R. Steven Whalen directed the U.S. Marshal to serve the complaint on the original 13 defendants. (Doc. 14.) No mention was made of the motion to amend. Six weeks after service was ordered, the case was referred to the undersigned magistrate judge for pretrial case management. (Doc. 21.)

Defendants filed motions for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, asserting that the claims in the complaint are so vague or ambiguous that they could not possibly produce an answer. (Docs. 22, 30.) On August 3, 2011, the undersigned granted the motion for more definite statement and set forth in that order the requirements for filing a complaint pursuant to Rules 8, 10, 18, and 20. (Doc. 35.) In addition, this Court terminated as moot Plaintiff's pending motion to amend, and explained to Plaintiff that he would be able to obtain the relief sought in that motion by including his claims against some or all of the 19

---

[1] Despite this order, Defendants Caruso and Overton were listed as defendants on the docket of this case, served with the complaint, and represented by counsel, who filed a motion to dismiss based on the prior dismissal by Judge Quist. A Report and Recommendation ("R&R") issued on May 17, 2011, recommending the grant of the motion to dismiss, and on July 25, 2011, the R&R was adopted and these two defendants were dismissed.

[2] The 19 are: RUM Plummer, E.R. Sharon, Unknown Bryzelak, RUO Rozelle, Dr. Anita Naronka, Physician's Assistant Geml, Nurse L. Adroy, HUM D. O'Dell, Nurse Anderson, Nurse Charles Mangus, Officer Matten, Administrative Assistant E. Bell, Principle H. Gay, School Secretary Morgan, Dr. L. Fuller, Dr. D. Hayter, Mental Health Professional V. Accinidi, Psychiatrist Garlapati, and Social Worker Woern.

additional individuals in his amended complaint. Plaintiff was given a deadline of August 24, 2011, to submit the amended complaint. (*Id.* at 7.)

Plaintiff did not meet the deadline, but rather sought an extension of time due to his recent transfer to the Gus Harrison Correctional Facility in Adrian. Plaintiff's request was granted and the deadline for filing his amended complaint was extended to October 31, 2011. (Doc. 37.)

Plaintiff failed to meet the October 31, 2011, deadline. On November 1, 2011, Plaintiff filed a document entitled "Statement of Affidavit," wherein he states that he was transferred from Adrian to the Chippewa Correctional Facility on September 29, 2011, and placed in segregation until October 13, 2011. (Doc. 38 at 1.) Plaintiff also states that he has not been able to get a legal writer to help him. (*Id.* at 2.) Plaintiff did not ask for another extension of time.

**B.     Governing Standards**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.

1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

### C.   Analysis & Conclusion

In this case, it was impossible to discern any distinct legal claims from the original complaint and the Court gave Plaintiff a generous amount of time to submit an amended complaint, which he has been unable to do. As noted, the defendants have a right to a fair and timely resolution of the litigation, *Jourdan*, 951 F.2d at 110, and this Court has the duty to expeditiously manage its docket. Since Plaintiff has failed to comply with the Court's deadlines, I suggest that the most appropriate course of action consistent with the purposes of Rule 41 is to *sua sponte* dismiss the case without prejudice for failure to prosecute. This is consistent with the general practice in the Sixth Circuit in cases such as this, *see, e.g., Patterson v. Grand Blanc Tp.*, 760 F.2d 686 (6th Cir. 1985), and I suggest that dismissal without prejudice is especially appropriate in this case in order to give Plaintiff the opportunity to refile his claims if he is able to do so.

**III. REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: November 10, 2011                 United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Repot and Recommendation was electronically filed this date, electronically served on Kevin Himebaugh, and served by first class mail on Robert Langford, #156621, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI, 49784.

Date: November 10, 2011                 By    s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder