UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANGFORD (#156621),

        Plaintiff,

CASE NO. 11-10219

v.

HON. MARIANNE O. BATTANI

HUGH WOLFENBARGER, et al.,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(b)**

    This matter is before the Court on the Magistrate Judge's November 10, 2011 Report and Recommendation to sua sponte dismiss this case without prejudice for failure to prosecute under Federal Rule of Civil Procedure Rule 41(b). (Doc. 39). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation, **DISMISSES THE CASE WITHOUT PREJUDICE**, and **TERMINATES AS MOOT** Plaintiff's outstanding motions (Docs. 40, 41, 42).

**I.    BACKGROUND**

    On December 13, 2010, Plaintiff Robert Langford filed a pro se prisoner civil rights complaint against thirteen individual defendants working within the Michigan Department of Corrections. (Doc. 1). Plaintiff's seven-page complaint, consisting of one long single-spaced paragraph, alleges that he was mistreated by Defendants while housed at the Macomb Correctional Facility in New Haven, Michigan. Id. at 3-11. On February 11, 2011, Plaintiff filed a motion to amend his complaint so that he could name

an additional nineteen defendants he accidentally omitted from his original complaint. (Doc. 7).

While Plaintiff's motion to amend was pending, the U.S. Marshall served the complaint on the original defendants. (Doc. 14). Upon reviewing this narrative-style complaint, Defendants filed a motion for more a definite statement under Rule 12(e), characterizing Plaintiff's complaint as "vague and ambiguous." (Docs. 22, 30). The Magistrate Judge granted Defendants' motion on August 3, 2011 and ordered Plaintiff to file an amended complaint by August 24, 2011. (Doc. 35). In addition, the Magistrate Judge terminated Plaintiff's motion to amend as moot and instructed Plaintiff that his amended complaint must comply with Rules 8, 10, 18, and 20. Id.

Plaintiff did not file an amended complaint by August 24, 2011. Instead, on August 29, 2011, he asked the Magistrate Judge for additional time because he was being transferred to the Gus Harrison Correctional Facility in Adrian, Michigan. (Doc. 36). The Magistrate Judge granted Plaintiff's request and extended the filing deadline to October 31, 2011. (Doc. 37).

Plaintiff failed to file an amended complaint by the October 31, 2011 deadline. Rather, on November 1, 2011, he informed the Magistrate Judge that on September 29, 2011, he was transferred from the Gus Harrison Facility to the Chippewa Correctional Facility in Kincheloe, Michigan and placed in segregation until October 13, 2011 because of his behavioral issues. (Doc. 38, p. 1). Plaintiff did not ask for another extension of time and stated he has not been able to get a legal writer to help him. (Id., p. 2.).

On November 10, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") to sua sponte dismiss this case without prejudice under Rule 41(b) for want of prosecution. (Doc. 39). The Magistrate Judge reasoned:

> In this case, it was impossible to discern any distinct legal claims from the original complaint and the Court gave Plaintiff a generous amount of time to submit an amended complaint, which he has been unable to do. As noted, the defendants have a right to a fair and timely resolution of the litigation, and this Court has the duty to expeditiously manage its docket. Since Plaintiff has failed to comply with the Court's deadlines, I suggest that the most appropriate course of action consistent with the purposes of Rule 41 is to sua sponte dismiss the case without prejudice for failure to prosecute.

Id. at 5 (citations omitted). The Magistrate Judge informed the parties they could file objections to the R&R within fourteen days. Id. at 6.

Neither party filed objections to the R&R. Plaintiff has, however, filed three documents after the Magistrate Judge issued his R&R. First, on November 29, 2011, he filed a "Motion to Allow Plaintiff to Refile Within Three Weeks for Definite Statement." (Doc. 40). In this document, Plaintiff is "seeking not to object to your recommendation of your report because it has been more than fair, but to seek [another three weeks to file a] more definite statement." Id. One month later, on December 28, 2011, he filed a "Motion Seeking to Put Funds on Escrow for Charity Organization." (Doc. 41). Here, Plaintiff requests that in the event relief is granted, $480,000 of his damages award be put in an escrow for the R.M.L. Charity Organization, a nonprofit charity Plaintiff plans on creating. Id. Finally, on that same day, Plaintiff also filed a "Motion of Affidavit on More Definite Statement." (Doc. 42). This document appears to be his amended complaint, not a motion.

3

**II.    STANDARD OF REVIEW**

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

**III.    ANALYSIS**

The Court adopts the R&R because neither party objects to its recommendation to dismiss this case without prejudice under Rule 41(b) for failure to prosecute. Defendants have filed no documents in response to the R&R. Although Plaintiff has filed three documents after the R&R was issued, in his "Motion to Allow Plaintiff to Refile Within Three Weeks for Definite Statement," he states he does not object to the R&R because it is "more than fair." (Doc. 40, p. 1). Therefore, in the absence of objections from the parties, the Court adopts the R&R and will dismiss the case without prejudice.

The Court notes, however, that despite stating he is "seeking not to object to your recommendation of your report because it has been more than fair," in the very same sentence, Plaintiff also asks for "three weeks [to file] the requested [ ] more definite statement." Id. Thus, it confusingly appears that Plaintiff is objecting to the R&R by

4

asking the Court for an additional three weeks to file an amended complaint while simultaneously expressing his desire not to object to the dismissal. Plaintiff's equivocation puzzles the Court. In any event, even if the Court assumes Plaintiff intended to object to the R&R by asking for a third extension, such "objection" is improper as it does not clearly or specifically identify which portions of the Magistrate Judge's analysis were in error. See Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Moreover, even if the Court were to find the objection proper, and agree that Plaintiff could avoid dismissal by filing an amended complaint, dismissal remains warranted because Plaintiff has not filed a rule-compliant amended complaint. In this regard, the Court interprets Plaintiff's "Motion of Affidavit on More Definite Statement," as his purported amended complaint. (Doc. 42). After reviewing this document, the Court finds that it fails to comply with the operative rules governing pleadings in federal court. See Fed. R. Civ. P. 8, 10, 18, 20; see also Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (explaining that a plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). For instance, there are no numbered counts or paragraphs, no clear statement as to which defendant caused what specific injury, and no clear description of what the claims even are. The Magistrate Judge has already instructed Plaintiff about the form and content a pleading must contain in his Order granting Defendant's Rule 12(e) motion. See (Doc. 35, p. 3-7).

5

Plaintiff's refusal to follow the rules of procedure and Court ordered deadlines justifies the dismissal for failure to prosecute in this case.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R (Doc. 39), **DISMISSES THE CASE WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure Rule 41(b), and **TERMINATES AS MOOT** Plaintiff's outstanding motions (Docs. 40, 41, 42).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: January 20, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon Plaintiff via ordinary U.S. Mail, and Counsel for the Defendant, electronically.

s/Bernadette M. Thebolt
Case Manager